IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

NORVELL WEBSTER CRUMP,

    Plaintiff,

v.                                                    Case No. 3:10-cv-00788

SUSAN MORTON-SMITH,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

Plaintiff, Norvell Webster Crump, is currently incarcerated in the Administrative Maximum (ADX) facility in Florence, Colorado.[1] On June 3, 2010, plaintiff filed a Complaint in the above-captioned case against Susan Morton-Smith, a CJA Panel Attorney appointed to represent plaintiff in a 1992 criminal case, (Docket No. 3)[2] and applied to proceed without prepayment of fees or costs (Docket No. 2). In addition to a requisite screening of the Complaint, two motions are pending before the Court: Plaintiff's Motion requesting the Court to transfer him to a prison facility within the Court's "civil jurisdiction" (Docket No. 6) and Plaintiff's Motion to withdraw his guilty plea from his 1992 criminal case, *USA v. Crump*, 3:92-cr-00189 (Docket No. 30).

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket No. 28).

---

[1] Federal Bureau of Prisons Website.
[2] By Order dated June 21, 2010, Plaintiff's Complaint was filed *nunc pro tunc* to June 3, 2010. (Docket No. 1).

1

## I. Background and Procedural History

Plaintiff is currently serving concurrent life sentences plus five years in the Administrative Maximum (ADX) facility in Florence, Colorado, stemming from a 1995 conviction.[3] His pertinent criminal and civil history is discussed below.

### A. Prior History

On July 17, 1992, plaintiff was charged in an Information filed by the United States Attorney's office with distributing cocaine base, also known as "crack," in violation of 21 U.S.C. § 841(a)(1). (*USA v. Crump*, 3:92-cr-00189, Docket No. 1). He was represented in this matter by appointed counsel, defendant Susan Morton-Smith. On July 20, 1992, plaintiff pled guilty to the charge as part of a plea agreement. (*Id.* at Docket Nos. 4 and 3). A signature that presumably belongs to plaintiff and the signature of his attorney, Ms. Morton-Smith, appear at the bottom of each of the four pages of the plea agreement and on the one-page document containing his guilty plea. (*Id.*).

On the same date, plaintiff appeared in person before the Honorable Robert J. Staker, United States District Judge. (*See Id.* at Docket No. 5). The Court advised plaintiff of the nature of the charge against him and his right to be proceeded against by way of grand jury indictment. (*Id.*). Plaintiff waived in open court his right to be prosecuted by indictment. (*Id.*). The United States advised the Court that it had entered into a plea agreement with plaintiff and moved the Court for permission to file same. (*Id.*). Before accepting the plea, the Court, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, personally addressed the plaintiff, informing him of the charges contained in the Information, the elements of the offense, the maximum penalties provided by law, and the rights to which plaintiff was entitled. (*Id.*). The Court accepted

---

[3] Federal Bureau of Prisons Website.

plaintiff's guilty plea after being satisfied that a factual basis existed for the plea; that the plea was made voluntarily; and that plaintiff understood the nature of the charges, the elements of the offense, and the consequence of his plea. (*Id.*). On September 28, 1992, the Court sentenced plaintiff to twenty-one months of incarceration in federal prison, followed by three years of supervised release. (*Id.* at Docket No. 12).

On August 22, 1995, while on supervised release for the crack conviction, plaintiff was found guilty by a jury on a three count indictment of conspiracy to possess and distribute cocaine base, in violation of 21 U.S.C. § 846; possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (*USA v. Crump*, 3:94-cr-00101, Docket No. 95). Plaintiff was represented by court-appointed counsel, Jane Moran. The Court imposed two concurrent life sentences plus five years on these new convictions, taking into account that plaintiff was an armed career criminal pursuant to 18 U.S.C. § 924(e)(1) and the Court's belief that plaintiff had perpetrated a first-degree murder (for which he was not charged). (*Id.* at Docket No. 143).[4]

As a result of plaintiff's felony convictions during his term of supervised release, the Court held a hearing on February 16, 1996 to officially revoke the release. Thereafter, the Court entered an Order finding that plaintiff violated the terms of his supervised release, revoking his supervised release, and sentencing him to twenty-four months of incarceration in federal prison to run concurrently with the sentences imposed in 3:94-cr-00101. (*USA v. Crump*, 3:92-cr-00189, Docket No. 23).

---

[4] The conviction and sentence were affirmed on direct appeal by the Fourth Circuit. *United States v. Crump*, 120 F.3d 462 (4th Cir. 1997).

3

On June 11, 1999, plaintiff filed a habeas corpus petition pursuant to 28 U.S.C. § 2255, requesting the Court to vacate or correct his 1995 conviction and sentence. (*Crump v. United States*, 3:99-cv-00491, Docket No. 165). The Court denied the petition as time barred pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996. (*Id.* at 179 and 180).

On October 22, 2001, while his § 2255 petition was pending, plaintiff filed a motion pursuant to 18 U.S.C. § 3582(c)(2), requesting the Court to modify his 1995 sentence to comply with Amendment 591 to the sentencing guidelines. (*Crump v. United States*, 3:01-cv-00969, Docket No. 173). The District Court denied the motion and dismissed plaintiff's case. (*Id.* at Docket No. 198). The Fourth Circuit affirmed the judgment. (*Id.* at Docket No. 208).

### B.    Present Civil Action

On June 3, 2010, plaintiff, proceeding *pro se*, filed a Complaint in the instant case concerning the plea agreement entered on July 20, 1992. (Docket No. 3). Plaintiff asserts that, at the time of the plea, he told his attorney, Ms. Morton-Smith, "I don't agree" to the plea agreement, and she responded that she would "forge" his signature. (*Id.*). He argues that "no written, no oral, no verbal, no express agreement was ever made with [the] U.S. District Court Southern District of West Virginia at Huntington or with the U.S. Attorney Office's Sharon M. Frazier, AUSA Information." (*Id.*). He further asserts that "[i]n fact, no drugs were ever found" and appears to challenge the fact that there was no indictment in his case. (*Id.*). He notes that he did not sign an "appeal waiver." (*Id.*). Lastly, plaintiff states that he is "not guilty" of the 1992 crime to which he pled guilty. (*Id.*).

Plaintiff's prayer for relief requests the Court to order the plea agreement "null and void" and immediately release him from prison. (*Id.*). He asks "to be brought back to Cabell County Jail [in] Huntington, WV to await disposition of [this] lawsuit and civil rights." (*Id.*). Plaintiff does not seek money damages.

On July 26, 2010, plaintiff filed a motion requesting that he be transferred "to [the] civil jurisdiction in which [these] proceeding[s] are [being] held to pursue litigation in United States Bankruptcy Court [of the] Southern District of West Virginia." (Docket No. 6).

On August 10, 2010, plaintiff filed a motion to expunge his state court convictions. (Docket No. 26). On September 13, 2010, the Honorable Robert C. Chambers denied plaintiff's motion. (Docket No. 29).

On October 13, 2010, plaintiff filed a Motion to withdraw his guilty plea entered in *USA v. Crump*, 3:92-cr-00189. (Docket No. 30). He asserts that the "conviction was invalid" and that there was "no agreement," "no appellate opinion," "no appellate Information," "no controlled substance," and "no appeal waiver." (*Id.*) (spelling corrected).

## II. **Standard of Review**

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The Court must dismiss the case, or any part of it, if the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v.*

*Hernandez,* 504 U.S. 25 (1992), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Likewise, a Complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the Complaint as true and in the light most favorable to the plaintiff, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

This Court is required to liberally construe *pro se* Complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the Complaint still must contain sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.   Analysis

#### A.   Screening of Complaint

Plaintiff is a federal prisoner asserting a cause of action against his federal court-appointed defense attorney. Plaintiff identifies his action as a civil rights case filed pursuant to 42 U.S.C. § 1983. (*See, e.g.*, Docket Nos. 3-1 at 3 and 30 at 5, n. 1). However, 42 U.S.C. § 1983 provides a remedy to parties who are deprived of a federally protected

6

civil rights by persons acting under the color of any *state* "law statute, ordinance, regulation, custom, or usage." Here, the plaintiff makes no allegations indicating that defendant acted under the color of state law. Rather, plaintiff alleges (by implication) that defendant acted under the color of *federal* law due to the fact that defendant was appointed by a federal court to represent him concerning his federal charges. Therefore, to the extent that the Court construes plaintiff's case as a civil rights action, it applies *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 (1971) (hereinafter referred to as a "Bivens" action), rather than 42 U.S.C. § 1983.

A District Court within the Fourth Circuit recently considered a markedly similar factual scenario in *Story v. Kopko*, 2010 WL 430831 (D.S.C. February 5, 2010). The Court stated the following:

> Plaintiff is a federal prisoner suing his criminal defense attorneys and an Assistant United States Attorney. Even though Plaintiff states this is a civil rights case brought pursuant to 42 U.S.C. § 1983, as a civil rights action, this case against a federal employee would be considered under [*Bivens*] rather than 42 U.S.C. § 1983. In *Bivens,* the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. Federal officials cannot be sued under § 1983 because they do not act under color of state law. *See Harlow v. Fitzgerald,* 457 U.S. 800, 814-20 & n. 30, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A *Bivens* claim, however, is analogous to a claim under § 1983. Case law involving § 1983 claims is applicable in a *Bivens* action. *See Farmer v. Brennan,* 511 U.S. 825, 839, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see also, e.g., Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Turner v. Dammon,* 848 F.2d 440, 443-44 (4th Cir.1988) *(abrogated on other grounds* in *Johnson v. Jones,* 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995)). A *Bivens* action is almost identical to an action under § 1983, except that the former is maintained against federal officials while the latter is brought against state officials. *See Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (comparing *Bivens* to § 1983 cases and holding that "the 'constitutional design' would be stood on its head if federal officials did not face at least the same liability as state officials guilty of the same constitutional transgression.")

*Story v. Kopko*, 2010 WL 430831, *2 (D.S.C. February 5, 2010).

In order to establish a civil rights action under *Bivens*, a plaintiff must allege that: (1) the defendant deprived the plaintiff of a federal right and (2) the defendant did so under the color of federal law. It is a matter of well-settled law that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law when performing the traditional functions of a lawyer and, therefore, is not amenable to suit under § 1983 or *Bivens*. *Deas v. Potts,* 547 F.2d 800 (4th Cir. 1976); *Hall v. Quillen*, 631 F.2d 1154, 1155-56, n. 2-3 (4th Cir. 1980) (stating that court-appointed counsel does not act under the color of state law for § 1983 purposes); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981) (stating that public defenders representing defendants in criminal proceedings do not act under the color of state law for § 1983 purposes); *Jordan v. Lusk*, 2007 WL 1577873, \*3 (S.D.W.Va. 2007); *Nelson v. Thornsbury*, 2010 WL 1038509, \*9 (S.D.W.Va. 2010); *Story v. Kopko*, 2010 WL 430831, \*3 (D.S.C. February 5, 2010).

"The color of law requirement excludes from the reach of § 1983 all 'merely private conduct, no matter how...wrongful.'" *Rossignol v. Voorhaar,* 316 F.3d 516, 523 (4th Cir. 2003), quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Therefore, even assuming, *arguendo*, that defendant forged the plea agreement as plaintiff suggests, such an egregious act of intentional conduct cannot be raised pursuant to 28 U.S.C. § 1983 (or *Bivens*) absent a showing that defendant, a private party, in some way acted on behalf of or "jointly" with a federal official. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 950 (1982); *see also Tower v. Glover,* 467 U.S. 914, 920 (1984) (recognizing that "an otherwise private person acts under color of state law when engaged in a conspiracy with state officials" and upholding § 1983 claim

8

against a criminal defense attorney alleged by former client to have conspired with state prosecutors to secure the client's conviction).

Therefore, the undersigned proposes that the presiding District Judge **FIND** that inasmuch as defendant did not act under color of federal law, which is a jurisdictional prerequisite to state a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 (1971), plaintiff's Complaint fails to state a claim for which relief may be granted. Therefore, the Complaint does not survive this Court's 28 U.S.C. § 1915 screening and should be dismissed.

Further, in *Story v. Kopko*, 2010 WL 430831 (D.S.C. February 5, 2010), the plaintiff requested the Court to void the plea agreement entered in his criminal case, as plaintiff requests in this matter. The Court held:

> Voiding the plea agreement would in essence reverse Plaintiff's conviction. Plaintiff cannot seek a reversal of his conviction through a civil rights action. *See Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir.1995) (a case applying *Preiser v. Rodriquez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) to dismiss a civil rights action for injunctive relief under *Bivens* that would overturn a conviction). Typically, in a federal conviction, this relief is sought through a direct appeal of the conviction and/or sentence, through a motion seeking to vacate, set aside or correct a sentence under 28 U.S.C. § 2255, or some other avenue within the criminal case. Therefore, declaratory or injunctive claims that challenge the validity of a conviction or sentence are simply not cognizable in a civil rights case. *Id.* Plaintiff's civil rights actions should be dismissed.

*Story*, 2010 WL 430831 at *4.

If the Court is to convert plaintiff's present action to a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255, then the action is untimely under the applicable statutory time period. The statute provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

9

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, *1220.

Only the first provision of 28 U.S.C. § 2255(f) stating "the date on which the judgment of conviction becomes final" applies in this case. Here, because plaintiff declined to pursue appellate review of his conviction, his conviction "became final" when the period to file a direct appeal expired. *Smoot v. U.S.*, 2010 WL 3982098, 3 (D.S.C. 2010); *see also U.S. v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (explaining that the petitioner's conviction became final on the date on which he declined to pursue direct appellate review). In a federal criminal case, a defendant may file a notice of appeal within fourteen days from the later of (1) the entry of the judgment or the order being appealed or (2) the filing of the government's notice of appeal. Fed. R.App. P. 4(b)(1)(A) (2010). The government did not file a notice of appeal; therefore, plaintiff's statutory period to file a § 2255 action began on August 5, 1992, fifteen days after his judgment was entered on July 21, 1992, and ended one year later on August 5, 1993.

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. *In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). "[W]hen §

10

2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241." Petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 Motion before he can state a § 2241 cause of action. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). The remedy of a § 2255 Motion is not rendered inadequate or ineffective simply because relief under § 2255 is barred procedurally, as is it is here. *In re Jones*, 226 F.3d at 332; *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D. W. Va. 2001). Likewise, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Instead, a § 2241 petition attacks the *execution* of a sentence, not its validity. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Furthermore, in contrast to a § 2255 petition, which is filed in the original sentencing court, a § 2241 habeas petition may only be filed in the District in which a prisoner is confined. *U.S. v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008). As stated, plaintiff is presently confined in Florence, Colorado. If plaintiff chooses to file an action pursuant to § 2241, he must do so in the District Court in the district in which he is confined.[5]

Therefore, the undersigned proposes that the presiding District Judge also **FIND** that plaintiff's action is untimely to the extent that is considered under 28 U.S.C. § 2255

---

[5] The documents filed in this case indicate that plaintiff may already have filed such an action. His Complaint indicates that on May 17, 2010, he filed a lawsuit in United States District Court in Colorado concerning the same facts involved in this action or otherwise related to his imprisonment. (Docket No. 3 at 2). Also, he states the following in a footnote in his Motion to withdraw his guilty plea: "28 U.S.C. § 2241 Civil Action No. 08-cv-02828...2/27/09 USDC Denver, Colorado," indicating that he has filed a § 2241 action. (Docket No. 30 at 5, n. 2).

11

and cannot be filed in this District under 28 U.S.C. § 2241. Consequently, plaintiff's Complaint fails to survive this Court's 28 U.S.C. § 1915 screening on these additional grounds and should be dismissed.

### B. Motion to Withdraw Plea

Plaintiff filed a Motion to withdraw his guilty plea in the present case. (Docket No. 30).[6] After a criminal sentence is imposed, a defendant may not withdraw a guilty plea; the plea may only be set aside on direct appeal or collateral attack. *Fed.R.Crim.P. 11(e).* As discussed, a collateral attack would have to be asserted in a 28 U.S.C. § 2255 action; however, such an action is barred by the statute if limitations. Moreover, an action under 28 U.S.C. § 2241 is not properly filed in this District Court and, likewise, fails to state a claim for which relief may be granted. Accordingly, the Court has no basis upon which to allow plaintiff to withdraw his guilty plea.

### C. Motion to Transfer Prisoner

As a final matter, plaintiff requests in his Complaint and in a separate Motion for the Court to transfer him to the "Cabell County Jail" in Huntington, West Virginia or another facility within this Court's jurisdiction. (Docket Nos. 3 and 6). Plaintiff is no longer incarcerated pursuant to the 1992 criminal case at issue in this civil action. He served his period of incarceration for that conviction and was serving his term of supervised release when he was arrested on subsequent criminal indictments. For the violation of his supervised release term, plaintiff was sentenced on February 23, 1996 to twenty-four months of incarceration to run concurrently with his concurrent life sentences plus five years. Therefore, he completed serving this term on February 23,

---

[6] This Motion was concurrently filed in plaintiff's criminal case and was denied on October 15, 2010 by the Honorable Robert C. Chambers, United States District Judge. (*USA v. Crump*, 3:92-cr-00189, Docket No. 31).

12

1998 and is presently confined pursuant to his 1995 criminal convictions, which are not at issue in this civil action.

Nonetheless, if plaintiff wishes to challenge the place of his imprisonment, it is considered an attack on the *execution* of his sentence and must be raised pursuant to 28 U.S.C. § 2241 in the District Court in the district in which he is confined. *See Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir.2000) (finding that challenges to the "manner, location, or conditions of a sentence's execution" must be brought pursuant to § 2241). Accordingly, plaintiff's request for transfer is not properly before this District Court.

## IV.    Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1. Plaintiff's Complaint (Docket No. 3) be **DISMISSED** with prejudice pursuant to the screening provisions of 28 U.S.C. § 1915;

2. Plaintiff's application to proceed without prepayment of fees or costs (Docket No. 2) be **DENIED** pursuant to 28 U.S.C. §1915(e)(2)(B);

3. Plaintiff's Motions (Docket Nos. 6 and 30) be **DENIED.**

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

                                       **FILED:**  October 19, 2010.

                                       Cheryl A. Eifert
                                       United States Magistrate Judge